**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 29, 2013

LETTER TO COUNSEL:

      RE:    *Raymond Buchanan v. Commissioner, Social Security Administration*;
              Civil No. SAG-11-1730

Dear Counsel:

      On June 24, 2011, the Plaintiff, Raymond Buchanan II, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income and Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 18). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

      Mr. Buchanan filed his claim on June 10, 2009, alleging disability beginning on May 8, 2008. (Tr. 26, 124-26). His claim was denied initially on September 22, 2009, and on reconsideration on February 26, 2010. (Tr. 50-54, 55-58). A hearing was held on October 15, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 24-45). Following the hearing, on October 29, 2010, the ALJ determined that Mr. Buchanan was not disabled during the relevant time frame. (Tr. 8-23). The Appeals Council denied Mr. Buchanan's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Mr. Buchanan suffered from the severe impairments of borderline intellectual functioning, HIV, hepatitis C, and alcohol abuse. (Tr. 13). At step three, the ALJ found that Mr. Buchanan's impairments, including the substance use disorder, met Listings 12.04 and 12.09, and therefore that Mr. Buchanan was disabled. (Tr. 14). However, the ALJ determined that "if [he] stopped the substance use," Mr. Buchanan would have the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b), except the claimant is limited to unskilled work activity and occasional interaction with co-workers and the public.

(Tr. 16). After considering the testimony of a vocational expert ("VE"), the ALJ determined that if he "stopped the substance use," Mr. Buchanan could perform jobs that exist in significant

*Raymond Buchanan v. Commissioner, Social Security Administration*
Civil No. SAG-11-1730
January 29, 2013
Page 2

numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 21-22).

Mr. Buchanan argues that the ALJ erred in three ways: (1) the ALJ did not discuss all of his impairments when determining which were severe at step two; (2) the ALJ did not include all of the limitations found by the state agency physicians in his RFC or hypothetical to the VE; and (3) the ALJ failed to afford Mr. Buchanan a full and fair hearing. I agree with Mr. Buchanan that the ALJ's consideration of his mental impairments, at step two and at subsequent steps, was inadequate. Remand is therefore warranted.

The parties do not dispute that Mr. Buchanan suffers from borderline intellectual functioning and a substance use disorder, classified under Listings 12.05[1] and 12.09, and that they are severe impairments. However, the ALJ did not address the ample evidence that Mr. Buchanan suffers from (1) attention deficit hyperactivity disorder ("ADHD") and bipolar disorder, which are classified under Listing 12.02, *Organic Mental Disorders*; (2) a somatoform disorder, classified under Listing 12.07, *Somatoform Disorders*; and (3) an antisocial personality disorder, classified under Listing 12.08, *Personality Disorders*. Some or all of those impairments were diagnosed by state agency reviewing physician Dr. G. Dale, (Tr. 235-45), treating physician Dr. Tara Patterson, (Tr. 255-71), consultative examiner Dr. Janet Anderson, (Tr. 275-80), and consultative examiner Dr. Stephen A. Hirsch. (Tr. 230-34). Importantly, Dr. Patterson's opinion attributes some of Mr. Buchanan's inability to overcome substance abuse to his struggles with ADHD and Bipolar Disorder. (Tr. 270-71). The ALJ did not address this evidence.

The Commissioner posits that "while the ALJ did not find all the medically determinable impairments cited by Dr. Dale severe, he clearly considered any possible limitations caused by these conditions when he gave weight to the opinions proffered by Drs. Dale and Hirsch and proceeded through the subsequent steps of the sequential evaluation process." Def. Mot. 15. I disagree. The ALJ did not provide any explanation for his determination that the additional mental impairments were not severe at step two. Furthermore, at subsequent steps, the ALJ did not explain his basis for determining that the effects of the additional mental impairments would not affect Mr. Buchanan's ability to perform work, were he to abstain from substance use. In the absence of such an explanation, the failure to address the additional mental impairments at step two infects each of the subsequent steps. *See Schoofield v. Barnhart*, 220 F. Supp. 2d 512 (D. Md. 2002).

I need not address the remaining issues Mr. Buchanan has raised on appeal. The case will be remanded for a thorough consideration of each of Mr. Buchanan's mental impairments, and a specific discussion of which limitations would remain if Mr. Buchanan were to abstain

---

[1] The ALJ referenced Listing 12.04 in his decision when citing borderline intellectual functioning. (Tr. 14). Listing 12.04, *Affective Disorders*, does not contain the criteria for that impairment. Borderline intellectual functioning is classified under Listing 12.05, *Mental Retardation*.

*Raymond Buchanan v. Commissioner, Social Security Administration*
Civil No. SAG-11-1730
January 29, 2013
Page 3

from substance use.  In so holding, I express no opinion on whether the ALJ's ultimate determination that Mr. Buchanan was ineligible for benefits was correct or incorrect.

For the reasons set forth herein, Mr. Buchanan's motion for summary judgment (ECF No. 15) and Defendant's motion for summary judgment (ECF No. 18) will be DENIED.  The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge